**THE SAN ANTONIO.**

No. .73.

District Court, E. D. Pennsylvania.

Dec. 7, 1931.

Mortimer W. H. Cox, of Philadelphia, Pa., for libelant.

M. Hampton Todd, of Philadelphia, Pa., for respondent.

DICKINSON, District Judge.

This libel was filed for damages and for cure and maintenance. It is admitted that no just claim for damages has been made out. The libel thus becomes one for cure and maintenance.

The story of the libelant is that he was engaged as chief cook at $85 per month and found; his employment was because of the release from duty of the former cook; that the libelant worked for a very short time, so short that his compensation was measured at $2; that he was engaged by the steward of the ship and paid by the first officer; that the occasion of his leaving was the return of the former cook; that in leaving the ship by a gang plank he slipped, fell, and injured his leg.

The answer is a denial of every material averment of the libel, and the evidence on behalf of the ship is in flat contradiction of the testimony of the libelant, except that he assisted the steward in serving one or two meals, having been employed. by the cook to take his place for a few hours, and was paid by the cook, the ship's officers having had nothing to do with his employment nor knowing anything about it; that he was followed off the ship by several of the crew who were immediately behind him; that he did not slip nor did he fall; that he waved a good-bye as he left the dock and they saw nor heard anything more of him.

The cause turns wholly upon a fact finding. The facts do not appear with any satisfying clearness and must be found in the light of certain features of the general situation.

Fact Situation.

The injury, if sustained, was suffered August 16, 1930. The libel was filed September 20, 1930. The depositions were taken more than a year later. We must begin with the proposition that the burden is on the libelant to sustain his libel. It would ordinarily be easy to make the finding that the libelant had slipped and fell as he describes, notwithstanding the very positive contradictions of several witnesses. This is because he says his leg struck a stanchion which supported the guard rope of the gang plank; that he thought nothing of it at the time and paid no attention to it himself, thinking nothing of it as a mishap. It would not be surprising that others, although near him, did not observe it. It would be likewise easy to find that he had sustained an injury because he had a hospital record. There is that in the entirety of his story, however, which wholly uncorroborated as it is renders it unconvincing. Although he does not directly say so, the impression is given that he was hired not for a transient job by the cook as a short time substitute for himself but as cook of the vessel. He does deny that his job was a merely transient job or a personal arrangement between himself and the cook, and he avers that his compensation was to be $85 per month. He must have thought he was hired for the impending voyage. In fact he only assisted the steward for part of one meal and for another full meal and was then discharged, receiving the small sum of $2 for his services. He accepted this sum without protest and his discharge without complaint. This would be wholly consistent with the ship's story that he was never part of the crew but a mere substitute for an absent member who paid him for what he did. under a personal arrangement made between them with which the ship had nothing to do and of which it did not even have knowledge, but it is wholly inconsistent with any thought on his part that he was a member of the ship's crew.

The fact averment in paragraph 2 of the libel in consequence cannot be found in his favor and with this goes the libel.

### Fact Finding.

The libelant was not a member of the crew of the steamship San Antonio nor was he in the employment of the Southern Steamship Company as a cook on board said steamship, with wages at the rate of $85 per month and found as averred in the libel.

### Conclusion of Law.

1. The libel should be dismissed, with costs. A decree following these findings may be submitted.